**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1959**

---

SCOTT A. CRABTREE; A. JOSEPH WILKINS, JR.; TIMOTHY POHANKA; THE POHANKA GRANDCHILDREN'S IRR TRUST; THE GEOFFREY P. POHANKA 2004 FAMILY TRUST,

        Plaintiffs - Appellants,

    v.

AON INSURANCE MANAGERS (BERMUDA) LTD.; JOHN DOES 1-20,

        Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:23-cv-00493-AJT-JFA)

---

Submitted:  December 13, 2024                Decided:  March 28, 2025

---

Before KING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed as modified by unpublished per curiam opinion.

---

**ON BRIEF:**  John T. Bergin, Washington, D.C., Adam H. Charnes, Craig D. Cannon, James J. Hefferan, Jr., Winston-Salem, North Carolina, Raymond O. Aghaian, Los Angeles, California, Samuel Z. Hyams, KILPATRICK TOWNSEND & STOCKTON LLP, San Francisco, California, for Appellants.  Lauren A. Champaign, FOLEY & LARDNER, LLP, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott A. Crabtree, A. Joseph Wilkins, Jr., Timothy Pohanka, the Pohanka Grandchildren's IRR Trust, and the Geoffrey O. Pohanka 2004 Family Trust (collectively "Plaintiffs") appeal the district court's order granting Aon Insurance Managers (Bermuda) Ltd.'s ("Aon") motion to dismiss Plaintiffs' complaint for lack of personal jurisdiction. Plaintiffs claim that Aon had sufficient contacts with Virginia—the forum state—and, therefore, the court erred in granting the motion to dismiss. Finding no error, we affirm.

We review de novo the district court's ruling that it lacks personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020). "Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Id.* (internal quotation marks omitted). "The plaintiff must establish personal jurisdiction by a preponderance of the evidence but need only make a prima facie showing." *Id.*; *see Grayson v. Anderson*, 816 F.3d 262, 269 (4th Cir. 2016). In considering whether a plaintiff has met this burden, a court may "look beyond the complaint to affidavits and exhibits in order to assure itself of personal jurisdiction." *Kurbanov*, 963 F.3d at 350; *see Grayson*, 816 F.3d at 269 (noting that, in resolving Rule 12(b)(2) motion, district court may "consider jurisdictional evidence in the form of depositions, interrogatory answers, admissions, or other appropriate forms"). "A court must also construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Kurbanov*, 963 F.3d at 350 (internal quotation marks omitted).

2

A court may exercise two types of personal jurisdiction—general and specific. Plaintiffs do not assert that the district court had general personal jurisdiction over Aon. Where, as here, "a federal court sits in diversity, it has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (internal quotation marks omitted). "Because Virginia's long-arm statute extends personal jurisdiction to the outer bounds of due process, the two-prong test collapses into a single inquiry when Virginia is the forum state." *Tire Eng'g and Distrib., LLC v. Shandong Linglong Rubber Co., Ltd.*, 682 F.3d 292, 301 (4th Cir. 2012).

To meet the constitutional due process requirements for personal jurisdiction, Aon must have "minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Kurbanov*, 963 F.3d at 351 (internal quotation marks omitted). This inquiry requires that Plaintiffs show that Aon "purposefully directed [its] activities at residents of the forum" and that the litigation results "from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks and citation omitted). The Supreme Court has emphasized that the minimum contacts analysis focuses "on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). This relationship must have two necessary aspects: first, the defendant must have created the contacts with the forum itself, and second, the "minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons

3

who reside there." *Id*. at 284-85 (internal quotation marks omitted); *see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) ("In giving content to the [due process] formulation, the [Supreme] Court has long focused on the nature and extent of the defendant's relationship to the forum State.") (internal quotation marks omitted).

We have previously synthesized the due process requirements for asserting personal jurisdiction into a three-prong test: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Kurbanov*, 963 F.3d at 351-52 (internal quotation marks omitted). The plaintiff "must prevail on each prong." *Perdue Foods LLC*, 814 F.3d at 189.

The district court correctly concluded that Aon's contacts with Virginia were not sufficient to establish personal jurisdiction. Aon's limited communications with Plaintiffs do not constitute purposeful availment of Virginia's laws. Aon's connection to Plaintiffs was facilitated solely through a contractual relationship with two companies that are nonresidents of Virginia. Only through performing its contractual duties to manage disbursements did Aon contact Virginia residents. Aon's emails, phone calls, wire transfers, and mailings to Virginia residents as part of its contractual duties are not connections that are typically associated with purposeful availment—including physical presence, soliciting business, or making in-person contact in the state. Therefore, Plaintiffs failed to demonstrate that Aon purposefully availed itself of the privilege of conducting business in Virginia.

4

However, a dismissal for lack of jurisdiction must be without prejudice, "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). Accordingly, we affirm the district court's order as modified to reflect that the dismissal is without prejudice. *See* 28 U.S.C. § 2106. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*